IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv657

| | | |
|---|---|---|
| JAMES DEAN EAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARY BURNS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's motions for reconsideration pursuant to Rule 59(e) (Doc. Nos. 5 and 7). For the reasons stated herein, Plaintiff's Motion is granted in part and denied in part.

Plaintiff filed the instant Complaint against Defendant Mary Burns alleging that Defendant Burns unlawfully seized and lost or destroyed his property in violation of the due process clause. By Order dated January 3, 2011, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1916(g) because Court records indicated that Plaintiff had filed at least two lawsuits in this Court[1] and one in the Eastern District of North Carolina[2] that were dismissed for failure to state a claim for relief. (Doc. No. 2).

Plaintiff first argues that case number 5:92cv76 was not dismissed for failure to state a claim for relief. Instead, he explains that his attorney secured a settlement for him in the amount of

---

[1] See Eaker v. Allred, et al,, 5:92cv76 (W.D.N.C.) (Dismissed for failure to state a federal claim on which relief may be granted); Eaker v. Iveson et al., 4:97cv166 (W.D.N.C.) (Dismissed pursuant to 28 U.S.C. § 1915(e)(2)).

[2] See Eaker v. North Carolina Combine Records, et al., 5:02ct782 (E.D. N.C.) (Dismissed as Court concluded that Plaintiff had no claim under 42 U.S.C. § 1983).

1

$1,650.00. Plaintiff is mistaken. A review of the docket for this case reveals that Plaintiff was not represented and the case was dismissed on January 14, 1994 for failure to state a federal claim on which relief may be granted. (Case 5:92cv76, Doc. No. 30).

Next, Plaintiff argues that he has no recollection of filing case 4:97cv166. However, a review of the docket sheet and case file reveals that Plaintiff did, in fact, file a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants used excessive force in restraining him. Plaintiff identified himself in his Complaint and his Motion to Proceed in Forma Pauperis with the same prison identification number used in his other lawsuits including the instant case and two additional cases[3] filed after this case – 0115791. (See Eaker v. Iverson et al., 4:97cv166, Doc. Nos. 1 and 2). On August 28, 1997, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Last, Plaintiff argues that case number 5:02ct782 from the Eastern District of North Carolina, should not count as a strike as the case was not dismissed for failure to state a claim. The Court has reviewed the Order in that case and notes that while the Court did dismiss Plaintiff's 42 U.S.C. § 1983 claim noting that "Plaintiff has no claim under 42 U.S.C. § 1983" based on Heck v. Humphrey, 512 U.S. 477 (1994), the Court specifically dismissed the matter without prejudice. In McLean v. United States, 566 F.3d 391 (4th Cir. 2009), the Fourth Circuit concluded that dismissal of a prisoner's action without prejudice for failure to state a claim did not count as a strike within the meaning of the Prison Litigation Reform Act. Therefore, case number 5:02ct782 may not be counted as a strike for purposes of 28 U.S.C. § 1915(g).

However, it has come the Court's attention in considering Plaintiff's motion, that Plaintiff has another case that was dismissed that may be counted as a strike. In case number 1:07cv575,

---

[3] See Eaker v. Kinney, 3:10cv658; and Eaker v. Steele et al., 3:11cv28

from the Middle District of North Carolina, the Court, in adopting the magistrate judge's report and recommendation, dismissed Plaintiff's § 1983 lawsuit with prejudice for failure to state a claim for deliberate indifference and also without prejudice for failure to exhaust his claim regarding failure to protect. Such dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Pointer v. Wilkinson, 502 F.3d 369 (6th Cir. 2007) (prisoner's complaint dismissed in part with prejudice for failure to state a claim and in part without prejudice for failure to exhaust qualified as a strike); James v. Brinkley, 2010 WL 1307212, at n. 3 (E.D.Va. March 31, 2010) (counting case as a strike even though complaint partially dismissed without prejudice); Cf. Finley v. Doe, 2008 WL 2645472 (S.D.W.Va. June 30, 2008) (dismissal of one claim for failure to exhaust does not preclude the entire case from being considered a strike under § 1915(g)); Contra Turley v. Gaetz, 625 F.3d 1005 (7th Cir. 2010) (holding that dismissal of an action, in part for failure to exhaust and in part as frivolous, malicious or failure to state a claim does not constitute a strike).

While Plaintiff is correct that case number 5:02ct782, from the Eastern District of North Carolina, may not be counted as a strike for purposes of 28 U.S.C. § 1915(g), his case filed in the Middle District of North Carolina, which was dismissed for failure to state a claim for relief and for failure to exhaust may be counted as a strike. (Case No. 1:07cv575 (MDNC)).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motions for reconsideration (Doc. Nos. 5 and 7) are **GRANTED IN PART** and **DENIED IN PART**, that is:

1. Plaintiff's motions are **GRANTED** in that case number 5:02ct782 does not count as a strike for purposes of 28 U.S.C. § 1915(g);

2. Plaintiff's motions are **DENIED** in that such conclusion does not result in the reinstatement of his Complaint because case number 1:07cv575 (MDNC) counts as a strike for purposes of 28 U.S.C. § 1915(g); and

3. Together with 4:97cv166 (WDNC) and 5:92cv76 (WDNC), Plaintiff's case is **DISMISSED** for the reasons stated in this Court's previous Order (Doc. No. 2).

**SO ORDERED.**

Signed: January 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge