# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10CV657

| | |
|---|---|
| JAMES DEAN EAKER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARY BURNS, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** comes before the Court on "Plaintiff's Second Motion for Reconsideration" pursuant to Rule 59(e) (Doc. No. 10). For the reasons stated herein, Plaintiff's Motion is denied.

Plaintiff filed the instant Complaint against Defendant Mary Burns alleging that Defendant Burns unlawfully seized and lost or destroyed his property in violation of the Due Process Clause. By Order dated January 3, 2011, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1916(g) because Court records indicated that Plaintiff had filed at least two lawsuits in this Court[1] and one in the Eastern District of North Carolina[2] that were dismissed for failure to state a claim for relief. (Doc. No. 2). Plaintiff filed motions for reconsideration on January 7 and 13, 2011. (Doc. Nos. 5 and 7). By Order dated January 28, 2011 this Court granted in part and denied in part Plaintiff's motions concluding that Plaintiff's case from the Eastern District of North Carolina, 5:02ct782, should not count as a strike, but that his case from the Middle District of North Carolina,

---

[1] See <u>Eaker v. Allred, et al</u>,, 5:92cv76 (W.D.N.C.) (Dismissed for failure to state a federal claim on which relief may be granted); <u>Eaker v. Iveson et al.</u>, 4:97cv166 (W.D.N.C.) (Dismissed pursuant to 28 U.S.C. § 1915(e)(2)).

[2] See <u>Eaker v. North Carolina Combine Records, et al.</u>, 5:02ct782 (E.D. N.C.) (Dismissed as Court concluded that Plaintiff had no claim under 42 U.S.C. § 1983).

1:07cv575, which was dismissed with prejudice as to his medical deliberate indifference claim and without prejudice, for failure to exhaust, as to his failure to protect claim, should count as a strike. (Doc. No. 8).

Plaintiff now argues that his case from the Middle District of North Carolina, 1:07cv575, should not count as a strike because his complaint was dismissed without prejudice for failure to exhaust administrative remedies, not for failure to state a claim. (Doc. No. 10 at 2). Plaintiff is only partially correct. The Court has again reviewed the magistrate judge's report and recommendation, the District Court's Order adopting the magistrate judge's report and recommendation, as well as the Judgment filed in Petitioner's case from the Middle District of North Carolina. See Eaker v. Miller, et al., 1:07cv575 (M.D.N.C.) (Doc. Nos. 86, 89 and 90). As explained in this Court's prior Order, the court in that Middle District case, in adopting the magistrate judge's report and recommendation, dismissed Plaintiff's § 1983 lawsuit with prejudice for failure to state a claim for deliberate indifference and also without prejudice for failure to exhaust his claim regarding failure to protect. (Id. Doc. No. 89). Such dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g), as explained in the Court's previous Order.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration (Doc. No. 10) is denied.

Signed: February 11, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

2